FRANK A. WEISER (#89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964  - (voice)
(213) 383-7368  - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiffs
ROMAN ANDY JANIEC,
SLAWOMIRA JANIEC, and
JONATHAN ANDREW JANIEC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN ANDY JANIEC; SLAWOMIRA JANIEC; JONATHAN ANDREW JANIEC, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF GLENDORA, a municipal corporation; and DOES 1-10 inclusive, <br><br> Defendants. | No. CV17-2652 <br><br> COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF <br><br> [Violation of Federal Civil Rights - 42 U.S.C. Section 1983] |

Plaintiffs ROMAN ANDY JANIEC, SLAWOMIRA JANIEC, and JONATHAN ANDREW JANIEC ("A. Janiec," "S. Janiec," "J. Janiec," or collectively "Plaintiffs") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3). This action, which arises under the laws and Constitution of the United States, specifically, under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983.

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that all the individual defendants reside and are employed in this District, and the claims arose in this District.

## PARTIES

3. Plaintiff A. Janiec and S. Janiec are husband and wife and their son is Plaintiff J. Janiec.

4. At all times material herein, Plaintiffs have resided in and successfully owned and operated for many years am auto business commonly known as Andy's Auto Center ("AAC") located at 723, 731 and 745 E. Route 66, Glendora, CA.

5. Plaintiff alleges that the Defendant CITY OF GLENDORA ("City") is, and at all times herein mentioned was, a municipal corporation organized under the laws and constitution of the State of California.

6. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown

involved in the actions taken against plaintiffs are unknown to them at this time. Plaintiffs are informed and believe and based thereon alleges that each of the DOE defendants is responsible in some manner for the occurences herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiff will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

### FACTS COMMON TO ALL CLAIMS

7. At all times material herein, Plaintiffs were vocal and active citizens and critics of the City.

8. At all times material herein, Plaintiff A. Janiec was a well known participant at various City Council hearings who publicly made clear his disagreement with various City policies. particularly criticizing City officials for their favored treatment of certain businesses in the City, in particular certain businesses located on Route 66 as against his business.

9. At all times material herein, and within the last two years from the filing of this complaint, the City

and various City officials, including the City's law enforcement agency, implemented a policy to drive Plaintiffs our of business from AAC and to drive Plaintiffs in general from residing in the City in retaliation for Plaintiffs vocal criticism of City policies and officials and siding in certain local elections with individuals opposed to said City Council members.

10. At all times material herein, the Defendant City, and various City officials, including the City's law enforcement agency, routinely and numerous times on a weekly basis entered onto the areas of AAC that were both open and some areas not open to the public without a warrant or consent in order to administratively cite and fine Plaintiff A. janiec for alleged violations of the City municipal code in the maintenance and storage of AAC's vehicles that were on the premises for eventual sale to the public.

11. Many of the administrative citations and fines were repetitive and done with the intent of closing AAC.

12. In one instance, multiple City officials, including City law enforcement, raided AAC claiming to be seeking evidence of criminal activity at the business but were unable to file a prosecution criminally against Plaintiffs because of a lack of evidence.

13. The effect of the City taking such actions as described in paragraphs 9-12 above, was to create am image with the public and Plaintiffs' customers that Plaintiffs were engaged in criminal activity and in violation of the

City municipal code with the intent to close AAC and drive it out of business.

14.  The City was successful in implementing its policy to drive Plaintiffs and AAC out of business as the City threatened Plaintiffs' landlord and lessor at AAC with legal action in order to force him to terminate his lease with AAC.

15.  Plaintiffs' landlord and lessor at AAC did terminate his lease with AAC as a result of the legal threats by the City.

16.  Subsequently, and until the present, the City refuses to issue Plaintiffs' a new business license to operate an auto center such as AAC.

17.  Further, on October 28, 2015, the City's building inspectors issued an administrative citation to Plaintiffs A. Janiec and S. Janiec at their home at 1154 North Glendora Avenue, Glendora, CA with claimed hazardous conditions of having an electrical connection to a parked recreational vehicle on the property.

18.  In doing so, the City claimed that the exposed terminals were unsafe and that the recreational vehicle appeared to be connected to the septic service via a service ground level clearout.

19.  The City notified Plaintiffs A. Janiec and S. Janiec that the electrical and septic connections must be removed.

20. In taking the actions alleged in paragraphs 17-20, the City inspectors entered and trespassed onto Plaintiffs' residence without a warrant or consent in order to observe the electrical and septic connections.

21. Plaintiffs A. Janiec and S. Janiec requested an administrative appeal of the City's actions alleged in paragraphs 17-21 above but the City refused, and never provided said Plaintiffs with a hearing on the matter.

22. In fact, other residences on the same block where Plaintiffs A. Janiec and S. Janiec reside have similar electrical and septic connections as was cited against said Plaintiffs, and that is known to the City and City officials, but the other residence owners and occupants have not been cited as said Plaintiffs have been cited.

23. In taking the actions stated in paragraphs 17-22 above, the City, and its various City officials, took such actions in furtherance of the City policy to not only drive Plaintiff out of business but to also drive them from remaining residents in the City.

24. Further, in taking the actions stated in paragraphs 17-22 above, the City, and its various City officials, took such actions in furtherance of the City policy to not only drive Plaintiff out of business with respect to AAC but to favor Plaintiffs' business competitors in the same area as AAC who, on information and belief, are political contributors to certain members on the City Council.

25. As a result of such actions by the City, and its various City officials and law enforcxement officials, Plaintiffs have suffered extreme emotional distress and financial damages.

Based on the above facts, plaintiffs allege the following claims:

### FIRST CLAIM FOR RELIEF

(Violation of Civil Rights Under 42 U.S.C. Section 1983 by Plaintiffs Against All Defendants)

26. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 25, and all its subparts, inclusive, as set forth hereinabove.

27. Plaintiffs are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Glendora and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

28. Plaintiffs are further informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1 thru 18 above, defendants, and each of them, violated, and continues to threaten to violate, the constitutional and civil rights of plaintiffs, in particular their individual

rights under the Petition Clause of the First and Fourteenth Amendments of the United States Constitution, the Search and Seizure Clause of the Fourth and Fourteenth Amendments of the United States Constitution by searching and seizing their business property and residence without a warrant or court order; that the actions of the Defendants, and each of them, violated plaintiffs' individual rights under the Fifth Amendment Takings Clause in that driving Plaintiffs out of business in order to benefit other competitors in the City constitutes a "Private Taking" of property in violation of such constitutional amendment; violated substantive and procedural component of the Due Process Clause of the Fourteenth Amendment and violated their individual rights under the Equal Protection Clause of the Fourteenth Amendment as the actions by defendants, and each of them, are irrational and arbitrary and plaintiffs have been differentially treated and overenforced as to the the City and state law in defendants doing so from simliarly situated business and residential property operators.

29. The defendants actions describe in paragraphs 1-25 above was done pursuant to official policy, custom, or practice, and any individual doe defendants sued, or to be sued, individually are not entitled to immunity from suit.

30. As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered and continue to suffer extreme hardship and damages, which damages include, but is not limited to, severe emotional

distress and economic and financial damages. Plaintiffs are informed and believe, and based upon such information and belief alleges, that the damages they have suffered and continue to incur will be according to proof at trial but not less than $5,000,000.00 each against the defendants, and each of them, and that they are also entitled to appropriate declaratory and injunctive relief against all the defendants, and to their reasonable attorneys fees under 42 U.S.C. section 1988.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial but not less than $5,000,000.00;
2. For declaratory and injunctive relief;
3. For exemplary damages against any individual defendants only;
4. For attorney's fees pursuant to 42 U.S.C. Section 1988;

### FOR ALL CLAIMS FOR RELIEF

5. For costs of suit; and
6. For such other and further relief as the Court deems just and proper.

DATED: April 7, 2017               LAW OFFICES OF FRANK A. WEISER

                                   By: /s/ Frank A. Weiser
                                   FRANK A. WEISER, Attorney
                                   for Plaintiffs ROMAN ANDY
                                   JANIEC, SLAWOMIRA JANIEC,
                                   and JONATHAN ANDREW JANIEC

<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

DATED: April 7, 2017      LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
FRANK A. WEISER, Attorney for Plaintiffs ROMAN ANDY JANIEC, SLAWOMIRA JANIEC, and JONATHAN ANDREW JANIEC